# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EBC, INC. and STATE STEEL SUPPLY INC., <br>     Plaintiff, <br><br> vs. <br><br> CLARK BUILDING SYSTEMS and AMERICAN COMPOST CORPORATION and A & M COMPOSTING, INC. and SOLID WASTE SERVICES, INC., d/b/a J.P. MASCARO & SONS, <br>     Defendants. | Civil Action No. 05-01549 <br> Judge Nora Barry Fischer |

## MEMORANDUM ORDER

This matter is before the Court on Plaintiff State Steel's Motions: (A) to Reconsider, and (B) For Relief from Judgment [DE 72], filed by Plaintiff State Steel Supplying Inc. on January 4, 2008. On January 14, 2008, Defendants American Compost Corporation, A&M Composting, Inc. and Solid Waste Services, Inc., d/b/a J.P. Mascaro & Sons (collectively hereinafter, "Defendants") filed their Response in Opposition to Plaintiff, State Steel Supply, Inc.'s Motions to Reconsider and Relief from Judgment.

In its motion, Plaintiff State Steel requests that the Court reconsider its December 18, 2007 Memorandum Opinion and Order, which, among other things, dismissed Plaintiff's breach of contract claim.[1] In particular, Plaintiff offers an errata sheet from the deposition of Adrienne Chizek, the owner of Plaintiff State Supply, which, according to Plaintiff, "suggests Ms. Chizek's belief that a contract did exist between State Steel and Defendants." Docket No. 72, at 2. In response,

---

[1] Plaintiff's motion only seeks reconsideration of the dismissal of said claim.

Defendants assert that Plaintiff's motion should be denied insofar as "the purported errata sheet that State Steel offers was neither executed nor submitted in accordance with Fed. R. Civ. P. No. 30(e)." Docket No. 75, at 3.

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence*." Harsco Corp., v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985). Such a motion should only be granted "if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice*." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Based on the Court's reading of its motion, Plaintiff requests reconsideration pursuant to the second grounds, i.e., new evidence. A motion for reconsideration will not be granted if the moving party is merely asking the court to "rethink what has already been decided." *Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993).

The Court finds Plaintiff's argument unpersuasive. The Plaintiff fails to establish , let alone argue, that the new evidence in the form of the errata sheet was not available when the court granted the motion for summary judgment. *See In re Loewen Group Inc. Securities Litigation*, No. Civ.A. 98-6740, 2006 WL 27286, at *1 (E.D. Pa. Jan. 5, 2006) (citation omitted) ("In a motion for reconsideration, the burden is on the movant ... to show 'manifest' errors of law or fact or new evidence"). Moreover, the Court finds that, after numerous opportunities to amend the record and file the errata sheet, the Plaintiff failed to do so. For example, when Defendants filed their original

2

motion, they attached portions of the Ms. Chizek's deposition, yet Plaintiff never filed the errata sheet. After numerous status conferences as to the pending motion and during which the Court discussed Ms. Chizek's deposition, Plaintiff never mentioned the errata sheet. Finally, even after Defendants filed a complete transcript copy of Ms. Chizek's deposition on December 18, 2007, which the Court had previously ordered them to do on November 29, 2007, Plaintiff still neither filed nor even raised the issue of the errata sheet.[2]

Accordingly, considering the standard on a motion for reconsideration and in the interests

---

[2]

In addition, the Court finds that Plaintiff State Steel failed to comply with Federal Rule of Civil Procedure 30(e), entitled "Review by the Witness; Changes", which provides:

> (1) Review; Statement of Changes. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
> (A) to review the transcript or recording; and
> (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.
> (2) Changes Indicated in the Officer's Certificate. The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

Fed.R.Civ.P. 30(e). Here, Ms. Chizek was deposed on December 13, 2006. On January 15, 2007, the Court Reporter forwarded a copy of the transcript to counsel for Plaintiff State Steel. *See* Docket No. 69, at 14 (Deposition of Adrienne Chizek). Accordingly, Ms. Chizek had until on or before February 15, 2006, within which to review the transcript and, if there were any changes, to sign a statement listing the same as well as reasons for said changes. However, the errata sheet provided to the Court as an exhibit to Plaintiff's motion was signed on March 12, 2007, nearly one month after the deadline pursuant to Rule 30(e). Accordingly, the provided errata sheet is untimely. *See Agrizap, Inc. v. Woodstream Corp.*, 232 F.R.D. 491, 494 (E.D. Pa. 2006)(holding that deponent was barred from changing his deposition because he had failed to comply with the procedural requirements of Rule 30(e) in that counsel did not request the opportunity to review the transcript upon completion of the deposition and deponent failed to submit changes within 30 day time limit).

of judicial economy and efficiency, the Court **DENIES** Plaintiff State Steel's Motions: (A) to reconsider, and (B) For Relief from Judgment [DE 72].

*/s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc: All counsel of record

Date: January 16, 2008