# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EBC, INC. and STATE STEEL SUPPLY INC., <br>　　　Plaintiffs, <br><br>　　vs. <br><br>CLARK BUILDING SYSTEMS and AMERICAN COMPOST CORPORATION and A & M COMPOSTING, INC. and SOLID WASTE SERVICES, INC., d/b/a J.P. MASCARO & SONS, <br>　　　Defendants. | Civil Action No. 05-01549 <br> Judge Nora Barry Fischer |

## **MEMORANDUM ORDER**

This matter is before the Court on Alternative Motions for Rule 54(b) or Certification Pursuant to 28 U.S.C. 1292(b), or Motion to Allow Trial Testimony [DE 87], filed by Plaintiff State Steel on February 20, 2008. On February 29, 2008, Defendants American Compost Corporation, A&M Composting, Inc. and Solid Waste Services, Inc., d/b/a J.P. Mascaro & Sons (collectively hereinafter, "Defendants") filed their Response in Opposition to Plaintiff, State Steel's Motion for Rule 54(b), Certification Pursuant to 28 U.S.C. 1292(b) or to Allow Trial Testimony (Docket No. 97) as well as their Memorandum of Law in Support of its Opposition to Plaintiff's Motion for Rule 54(b) or Certification Pursuant to 28 U.S.C. 1292(b) or to Allow Testimony of Adrienne Chizek (Docket No. 98). Plaintiff did not file a reply.

In its motion, Plaintiff requests that the Court grant one of the following forms of relief: (1) certification for appeal pursuant to Rule 54(b) for the Court's December 18, 2007 Order, granting in part and denying in part summary judgment and/or its January 16, 2008 Order, denying Plaintiff's first motion for reconsideration; (2) certification for appeal pursuant to 28 U.S.C. § 1292(b) for the same Orders; or (3) permission for Adrienne Chizek to testify at trial as to Plaintiff's breach of

contract claim. (Docket No. 87, at 1). The Court will address each request for relief in turn.

I.      RULE 54(b) CERTIFICATION

Federal Rule of Civil Procedure 54(b), "Judgment on Multiple Claims or Involving Multiple Parties," provides:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed.R.Civ.P. 54(b). In support, Plaintiff asserts that because breach of contract is separable from the remaining claims and because "[t]here is no just reason to delay" in allowing an appeal, the Court should certify the summary judgment order as a final order. The Court disagrees.

Rule 54(b) "attempts to strike a balance between undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." *Allis-Chalmers Corp. v. Philadelphia Electric Co.,* 521 F.2d 360, 363 (3d Cir. 1975). The rule authorizes district courts to enter final judgment and certify judgment for immediate appellate review so to reduce the chance that delay will cause substantial hardship and unfairness to parties in complex multi-claim actions. *Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.*, 513 F.Supp. 1334, 1336 (3d Cir. 1981). Therefore, motions pursuant to Rule 56(b) are addressed to the trial court's sound discretion, but prior to the exercise thereof, three conditions must be met: (1) there must be multiple claims or multiple parties; (2) there must be a final decision resolving the rights and liabilities of at least one

party; and (3) there must be a finding that there is no just reason for delay. *Oyster v. Johns-Manville Corp.*, 568 F.Supp. 83, 85 (E.D. Pa. 1983).

To aid trial courts in determining when certification is proper, the Third Circuit has identified five nonexclusive factors to consider:

> (1) the relationship between the adjudicated and unadjudicated claims;
> (2) the possibility that the need for review might or might not be mooted by future developments in the district court;
> (3) the possibility that the reviewing court might be obliged to consider the same issue a second time;
> (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final;
> (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Allis-Chalmers Corp.*, 521 F.2d at 364 (footnotes omitted). Additionally, when pending claims share supporting facts with those claims for which a party seeks certification, certification for review is not appropriate because it would result in the inefficient use of the reviewing courts' resources. *Chalfin v. Beverly Enterprises, Inc.*, 745 F.Supp. 1117, 1121 (E.D. Pa. 1990).

The Court finds that these factors weigh in favor of denying certification insofar as Plaintiff's breach of contract claim relates to its unjust enrichment claim (first factor), a bench trial on the merits of Plaintiff's unjust enrichment claim may moot any appeal as to breach of contract (second factor), and the interests of delay and economic considerations as well as judicial efficiency and economy weigh in favor of denying certification to appeal (fifth factor). Furthermore, as the Defendants accurately observe, the instant matter involves straightforward issues of common law and, since it is currently set for a bench trial within the next two months, certification for appeal would delay an otherwise uncomplicated and expeditious disposition. Accordingly, the Court denies

Plaintiff's request for certification under Rule 54(b).

**II.    28 U.S.C. § 1292(b)**

28 U.S.C. § 1292, entitled "Interlocutory decisions," provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference in opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). This statute gives the Court of Appeals the jurisdiction to review the District Court's interlocutory order. In support of its request for certification, Plaintiff argues that the Court's partial grant of summary judgment in the Defendants' favor meets the standard for certification pursuant to § 1292(b). Again, the Court disagrees.

Certification pursuant to § 1292(b) should be granted "sparingly" and only when three conditions are met: (1) where immediate appeal may avoid protracted and expensive litigation, (2) the request involves a controlling question of law, and (3) where there is a substantial basis for differing opinion. *Milbert v. Bison Laboratories, Inc.*, 260 F.2d 431, 433 (3d Cir. 1958); *Orson, Inc., v. Miramax Corp.*, 867 F.Supp. 319, 321 (E.D. Pa. 1994). A substantial ground for difference of opinion may be demonstrated by offering conflicting and contradictory opinions of courts which have ruled on the issue. *Oyster*, 568 F.Supp. at 86. For example, with respect to commercial disputes, courts within the Third Circuit have declared that law governing warranty and accord and satisfaction is not so unusual or important to warrant a 1292(b) appeal. *Matlack, Inc. v. Hupp Corp.*, 57 F.R.D. 151, 159 (E.D. Pa. 1972).

In its motion and supporting memorandum, Plaintiff explains neither how certification

pursuant to section 1292(b) will avoid protracted and expensive litigation nor how its request involves a controlling question of law. Failure to meet these two requirements constitutes sufficient grounds to deny certification. Furthermore, Plaintiff's reliance on *Titanium Metals Corp. v. Elkem Management, Inc.*, 191 F.R.D. 468 (1998) is misplaced insofar as while the Court there granted permission for a deponent to amend his testimony after the thirty day window under Rule 30, the Court acknowledged that such permission is reserved for the discretion of the trial court and that other courts in similar situations do not allow amendment. *Id.* at 472. Accordingly, the Court denies Plaintiff's request for certification under section 1292(b).

### III. PERMISSION FOR ADRIENNE CHIZEK TO TESTIFY AS TO BREACH OF CONTRACT

Finally, as to Plaintiff's request to allow Ms. Chizek to testify as to its breach of contract claim, considering that the Court granted summary judgment in favor of Defendants as to breach of contract, the Court finds that any testimony as to the same is wholly irrelevant. However, Ms. Chizek may certainly offer testimony as to Plaintiff's two remaining viable claims: unjust enrichment and fraudulent inducement.

### IV. CONCLUSION

Accordingly, based on the foregoing, the Court **DENIES** Plaintiff State Steel's Alternative Motions for Rule 54(b) or Certification Pursuant to 28 U.S.C. 1292(b), or Motion to Allow Trial Testimony [DE 87] in all respects.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: March 17, 2008
cc/ecf: All counsel of record.